IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **HELEN THOMPSON,** an individual, | ) ) ) | Civil Action No. 8:13-cv-00106 |
| Plaintiff, | ) ) ) | **CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER** |
| v. | ) ) | |
| **OMAHA PUBLIC POWER DISTRICT,** a political division of the State of Nebraska, | ) ) ) ) ) | |
| Defendant. | ) | |

This matter having come before the Court upon the Joint Motion for Entry of Protective Order (filing 13) and the Court being duly advised of the same,

**IT IS HEREBY ORDERED** as follows:

1. The parties anticipate that the parties and certain third parties may seek and provide information which may contain medical information, customer information, proprietary business and financial information, individual tax information, personally identifiable information, certain personnel information, insurance information and/or trade secrets (hereinafter "Confidential Information"). Any documents produced or information provided by a party or third party in response to any discovery request may be designated as "confidential" in the following manner if said documents contain such Confidential Information:

    a. By imprinting the word "confidential" on the first page or cover of any document produced;

    b. By imprinting the word "confidential" next to or above any answer to any Interrogatory;

    c. With respect to portions of a deposition transcript, by making arrangements with the attending court reporter to bind the

    confidential portion(s) of such transcripts separately and labeling them as "confidential;" and

  d. With respect to electronic information or other information that cannot conveniently be labeled, by noting in a separate writing, or in answer to any discovery request or disclosure, that such information is designated as "confidential."

2. To the extent feasible, certain personal identifying information such as Social Security numbers and account numbers may be redacted from documents so as not to require classifying documents which contain such information to be treated as Confidential.

3. All documents and information provided through discovery which are designated as "confidential" by imprinting the word "Confidential" on the documents produced or by specifically referencing said document as Confidential by Bates number shall be subject to the following restrictions:

  a. They shall be used only for the purpose of this litigation and not for any business or other purposes whatsoever.

  b. They shall not be communicated or disclosed in any manner, either directly or indirectly, to anyone other than:
    (1) The attorneys of record and persons employed by them;
    (2) Outside experts who have, prior to disclosure, agreed in writing to be bound by the terms of this Protective Order as provided in subparagraph d. hereof;
    (3) The parties or their representatives;
    (4) This Court and Court personnel; and
    (5) Such other persons as the Court may specifically approve after notice and hearing.

  c. All information designated as "Confidential" in whatever format shall be furnished only under the terms of this Protective Order and shall be treated by all persons to whom Confidential Information is

      disclosed and all persons accorded access pursuant to this Protective Order as constituting Confidential Information and shall neither be used nor disclosed except for the purpose of this litigation, and solely in accordance with this Protective Order or subsequent order of the Court.

d.    It is further ordered that this Confidential Information shall not be further disclosed to anyone except those categories of persons provided herein, to whom disclosure is necessary for the purposes associated with this lawsuit, and who have signed a Nondisclosure Agreement in the form attached as Exhibit "1", certifying that they have read this Protective Order and agree to be bound by its terms. Legal Counsel for the parties and other persons or entities retained to assist in this lawsuit who have signed a Nondisclosure Agreement shall appropriately notify such persons or entities that the disclosure is made in confidence and must be kept in confidence in accordance with this Protective Order.

e.    Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in the strictest confidence and shall not divulge the information, either verbally or in writing, to any other person, entity or government agency unless authorized by the parties or order of the Court.

f.    No access to Confidential Information shall be provided to any individual until the individual to be accorded access has signed a Nondisclosure Agreement in the form attached as Exhibit "1," attached hereto, certifying that they have read this Protective Order and agree to be bound by its terms and such executed Nondisclosure Agreement has been provided to counsel for both parties.

g.    If any party wishes to file any Confidential Information as part of any motion or pleading in this litigation, such party may file the Confidential Information under seal, in redacted form as agreed to by the parties, or as otherwise agreed to by the parties.

      h.    Before trial, counsel for the parties may confer regarding the appropriate means to protect the confidentiality of the information that counsel desire to present to the Court or at trial. If counsel cannot reach an agreement, they may apply to the Court for resolution of the issue.

      i.    There shall be no reproduction whatsoever of any confidential documents or information, except that, as required in the course of this litigation, copies, excerpts or summaries may be shown or given to those persons authorized by this Protective Order to receive such documents or information.

      j.    <u>Inadvertent Production</u>. In the event that a document is produced inadvertently that is considered by the producing party to be privileged in whole or in part, such document may be retrieved by the producing party by giving written notice to all parties (which notice shall state the nature of the privilege at issue) that the producing party claims the document, in whole or in part, to be privileged. Upon receipt of such notice, all parties that have received a copy of such document shall promptly return it to the producing party and destroy any other copies thereof.

4. Acceptance by a party of any information, document or thing identified as "confidential" hereunder shall not constitute a concession that the information, document or thing is confidential. If, subsequent to the acceptance of information or documents identified as confidential, a party wishes the Court to rule upon the other party's claim of confidentiality, that party may move this Court for such determination. In the resolution of any such motion, the burden of establishing the confidentiality of the information or document shall be on the party who made the claim of confidentiality. However, materials designated as confidential shall be treated as such pending resolution of a timely filed motion by the Court. Nothing herein shall preclude either party from challenging in court the confidential status of any document.

      5.     In the event that a party shall desire to provide access to information or documents identified as "confidential" hereunder to any person or category of persons not identified above, it shall obtain an agreement from the opposing party or move this Court for an order that such a person or category of persons may be given access to the information.  In the event that the motion is granted, such person or category of persons may have access to the information, provided that such person or persons have agreed in writing before such access is given to be bound by the terms of this Protective Order, or other conditions as the Court may order.

      6.     Upon final termination of this action, including all appeals, all confidential documents and any other confidential information provided in discovery, including any copies, excerpts, or summaries thereof that have been prepared by the parties, their counsel, and other persons or entities retained to assist either of the parties in this litigation, shall be destroyed or returned to disclosing counsel.  No copies shall be retained by a non-disclosing party or other individuals retained to assist them in this litigation, except counsel may retain copies in their files and the terms of this Order shall continue to apply to such copies.  Counsel shall keep an accurate record of all copies, excerpts or summaries of Confidential Information made by counsel and any other person retained to assist in this litigation.  The language contained in this paragraph shall not preclude counsel from retaining documents constituting attorney work product as defined by applicable law.  In the event copies of Confidential Information provided in discovery, including any copies or excerpts or summaries thereof, contain counsel's work product, counsel shall obliterate its work product and destroy or return such documents to disclosing counsel in accordance with the provisions of this paragraph.

7. This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the parties hereto, and of any person who executes a copy of Exhibit 1, indefinitely as to any dispute between any of them regarding improper use of information discovered pursuant to this Order.

**DATED September 10, 2013.**

         **BY THE COURT:**

         S/ F.A. Gossett
         **United States Magistrate Judge**

**EXHIBIT 1**

**NONDISCLOSURE AGREEMENT**

  I, _____, certify that I have read the Protective Order entered in the case of Thompson v. Omaha Public Power District, Case No. 8:13-cv-106. I understand the terms of that Protective Order and I agree to be bound by its terms.

                  _____